**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEGALFORCE RAPC
WORLDWIDE, PC,

*Plaintiff - Appellant*,

v.

LEGALFORCE, INC., a Japanese
corporation,

*Defendant - Appellee*.

No. 23-2855

D.C. No.
3:22-cv-03724-
TLT

OPINION

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted October 23, 2024
San Francisco, California

December 27, 2024

Before: Sidney R. Thomas, Kim McLane Wardlaw, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge Sidney R. Thomas;
Concurrence by Judge Daniel P. Collins

# SUMMARY[*]

## Lanham Act

The panel affirmed the district court's dismissal, for failure to state a claim, of an action under the Lanham Act alleging trademark infringement in defendant's advertising and selling of equity.

LegalForce RAPC Worldwide, P.C. ("LegalForce USA"), a California S corporation that operates legal services websites, sued LegalForce, Inc. ("LegalForce Japan"), a Japanese corporation that provides legal software services, for trademark infringement, alleging that Legal Force Japan's United States expansion plan, website ownership, and advertising and selling of equity all infringed LegalForce USA's mark. The district court dismissed the website claims for lack of jurisdiction and dismissed the expansion plan claims as unripe. The district court dismissed the claims concerning equity for failure to state a claim.

As to the equity claims, the panel affirmed the district court's conclusion that advertising and selling equity is not connected to a sale of goods or services, and so cannot constitute trademark infringement.

The panel also affirmed the district court's conclusion that LegalForce USA failed to justify an extraterritorial application of the Lanham Act because LegalForce Japan's

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

services in Japan could not satisfy the "in connection with" goods or services requirement under the Lanham Act.

Concurring in the judgment, Judge Collins agreed that a company's own equity or stock shares do not count as a "good" or "service" it offers to customers in the market for purposes of the Lanham Act. Judge Collins wrote that, in his view, it was not necessary to reach any additional issues in order to resolve this case, and he disagreed with the majority's importation, into the Lanham Act, of a definition of "goods" limited to goods that are "movable" or "tangible."

---

**COUNSEL**

Raj V. Abhyanker (argued), LegalForce RAPC Worldwide PC, Mountain View, California; R. Chris Lim, Law Office of R. Chris Lim, Los Angeles, California; for Plaintiff-Appellant.

David A. Makman (argued), Law Offices of David Alan Makman, Redwood City, California; Zoni V. Sai, Tokyo International Law Office, Tokyo, Japan; for Defendant-Appellee.

# OPINION

S.R. THOMAS, Circuit Judge:

This appeal presents the question, *inter alia*, of whether using a trademark in connection with the sale of equity constitutes using the mark in connection with "goods or services" within the meaning of the Lanham Act, 15 U.S.C. § 1051 *et seq*. We conclude that it does not, and we affirm the district court's dismissal of the action for failure to state a claim.

The district court had subject matter jurisdiction under 28 U.S.C. § 1338(a), because LegalForce USA alleges claims under the Lanham Act. The district court had personal jurisdiction over the claims concerning equity because those claims arise out of LegalForce Japan's purposeful availment of California, specifically its solicitation of investors there. We have jurisdiction over the district court's final judgment pursuant to 28 U.S.C. § 1291. We review dismissals for failure to state a claim de novo. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

I

LegalForce RAPC Worldwide, P.C. ("LegalForce USA") is a California S corporation that operates legal services websites. LegalForce, Inc. ("LegalForce Japan"), now known as LegalOn, is a Japanese corporation that provides legal software services. LegalForce USA owns the mark LEGALFORCE, and other similar marks, in the United States. LegalForce Japan owns the mark LEGALFORCE in Japan.

In this case, LegalForce USA alleges that LegalForce Japan stated its intention to expand into the United States by March 2023, and filed a United States trademark application for the mark "LF." LegalForce USA also alleges that LegalForce Japan bought two website domains in the United States: LegalForce-corp.com and LegalForce-cloud.com. LegalForce Japan now has a separate United States subsidiary, which handles all business in the United States.

In 2022, LegalForce Japan used the LEGALFORCE mark while selling and advertising equity shares to investors in California, including World Innovation Labs, Goldman Sachs, and Sequoia Capital. LegalForce USA alleges that it was talking with the same investors at the same time, but that those investors gave $130 million to LegalForce Japan and nothing to LegalForce USA.

Although LegalForce USA alleges that LegalForce Japan started advertising software products called "LegalForce" and "LegalForce Cabinet" in the United States in July 2020, LegalForce Japan offered evidence that it never offered those products in the United States, and LegalForce USA offered no evidence in response. Thus, the district court concluded that LegalForce Japan has not sold or advertised any products or services in the United States. LegalForce USA does not argue otherwise on appeal.

LegalForce USA brought several claims against LegalForce Japan, including a trademark infringement claim. LegalForce USA alleges that LegalForce Japan's United States expansion plan, website ownership, and advertising and selling of equity all infringed LegalForce USA's mark.

After LegalForce Japan filed a motion to dismiss, the district court allowed discovery limited to jurisdictional

issues.  Following the limited discovery, LegalForce Japan filed a second motion to dismiss, which the district court granted with leave to amend.  After LegalForce USA filed a second amended complaint, LegalForce Japan renewed its motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.

The district court dismissed all claims for lack of jurisdiction, except those trademark infringement claims concerning the advertising and selling of equity.  It dismissed the website claims for lack of personal jurisdiction, and dismissed the claims related to the United States expansion plan, including allegations about filing a "LF" trademark application and allegedly selling software products in the United States, as unripe.

The district court held that it had jurisdiction over the trademark infringement claims concerning equity, then dismissed them for failure to state a claim.  The court reasoned that (1) advertising and selling equity is not connected to a sale of goods or services, and so cannot constitute trademark infringement, and (2) LegalForce USA had failed to justify an extraterritorial application of the Lanham Act.  This timely appeal followed.

## II

In order to state a claim for trademark infringement under the Lanham Act, the plaintiff must show that (1) the plaintiff has a protectible ownership interest in the mark, or for some claims, a registered mark; (2) the defendant used the mark "in connection with" goods or services; and (3) that use is likely to cause confusion.  15 U.S.C. §§ 1114(1)(a), 1125(a).

The district court correctly held that LegalForce Japan has not used LegalForce USA's mark "in connection with" goods or services, and therefore LegalForce USA failed to state a claim for which relief could be granted.  As we have noted, trademark infringement claims require that the defendant use the mark "in connection with" goods or services.  15 U.S.C. §§ 1114(1)(a), 1125(a); *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 676–77 (9th Cir. 2005).  LegalForce Japan's use of the LEGALFORCE mark to advertise and sell equity does not satisfy this requirement.

Equity is not a "good" for purposes of the Lanham Act, because it is not a movable or tangible thing.  *See* U.C.C. § 2-105 (defining "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than . . . investment securities") (emphasis added); *Goods*, *Black's Law Dictionary* (12th ed. 2024) (goods are "tangible or movable personal property other than money").

Equity is also not a service for purposes of the Lanham Act.  Equity is not "performance of labor for the benefit of another," because there is no "another" involved.  *See In re Canadian Pac. Ltd.*, 754 F.2d 992, 994–96 (Fed. Cir. 1985) (defining "services" in the Lanham Act as "performance of labor for the benefit of another"); *see also Morningside Grp. Ltd. v. Morningside Cap. Grp., L.L.C.*, 182 F.3d 133, 137–38 (2d Cir. 1999) (same).  The individuals or entities who buy equity in LegalForce Japan are owners of LegalForce Japan; they are thus not legally separate "others."  *See Canadian Pac.*, 754 F.2d at 995–96.  Equity is also not "a different kind of economic activity than what" companies like LegalForce USA and LegalForce Japan "normally provide[]."  *Cottonwood Fin. Ltd. v. Cash Store Fin. Servs.,*

*Inc.*, 778 F. Supp. 2d 726, 739–40 (N.D. Tex. 2011) (citations omitted).[1]

LegalForce USA cites three cases for the proposition that "trademark infringement can occur from fundraising activities where there has been no sale of a good or a service." However, none of those cases are trademark infringement cases. *Pilsen Neighbors Cmty. Council v. Netsch*, 960 F.2d 676 (7th Cir. 1992) (a state payroll deduction act); *Coca-Cola Co. v. Purdy*, 382 F.3d 774 (8th Cir. 2004) (cybersquatting, a different kind of trademark claim); *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522 (1987) (the Amateur Sports Act). Other cases have held that fundraising or investment management can be services, but in those cases, the defendants were conducting activity on behalf of clients, not selling equity in themselves to shareholders. *See United We Stand Am., Inc. v. United We Stand, Am. New York, Inc.*, 128 F.3d 86, 90 (2d Cir. 1997); *see also Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 317 (3d Cir. 2015). In short, the cases cited by LegalForce USA are inapposite.

Thus, the district court correctly held that the sale of shares of corporate entities does not constitute a use of the trademark "in connection with" goods or services within the meaning of the Lanham Act.

---

[1] The cited authorities use slightly different definitions of "service." Because equity does not constitute a "service" under any of the definitions, we need not—and do not—decide today what a comprehensive definition of "service" is for purposes of the Lanham Act.

III

The district court also properly held that LegalForce Japan's services in Japan also cannot satisfy the "in connection with" goods or services requirement under the Lanham Act. To determine when a statute applies extraterritorially, we apply the two-step test from *Abitron Austria GmbH v. Hetronic International, Inc.*, 600 U.S. 412, 417–418 (2023).

The first step asks "whether Congress has affirmatively and unmistakably instructed that the provision at issue should apply to foreign conduct." *Id.* (quotations omitted). As the Supreme Court held, the text of the Lanham Act does not provide "a clear, affirmative indication" that the provisions apply extraterritorially. *Id.* at 419.

The second step asks "whether the suit seeks a (permissible) domestic or (impermissible) foreign application of the provision," based on the statute's "focus" and "whether the conduct relevant to that focus occurred in the United States territory." *Id.* at 418 (quotations and emphasis omitted). The conduct relevant to trademark infringement is the defendant's "use in commerce" of the mark. *Id.* at 422–23.

The Lanham Act's "use in commerce" requirement is equivalent to its "in connection with" goods and services requirement. *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 874 n.1 (9th Cir. 2014) (citing *Bosley*, 403 F.3d at 677) ("Congress was not deliberately creating, using the 'use in commerce' language, a meaning different from the 'in connection with a sale of goods or services' language used in other parts of the Lanham Act."). In sum, if the mark is used "in connection with" goods and services

only outside United States territory, the Lanham Act cannot apply.

Here, LegalForce Japan's services are all outside the United States, so the Lanham Act cannot apply to them. Thus, the district court properly held that the Lanham Act's use "in connection with" goods or services requirement was not satisfied by LegalForce's activities in Japan.

## IV

We affirm the district court's dismissal of the Lanham Act claims. Given our resolution of this case, we need not—and do not—reach any other issue urged by the parties.

**AFFIRMED.**

---

COLLINS, Circuit Judge, concurring in the judgment:

As this case is presented to us after briefing and argument, the sole issue is whether a company's own "equity" or stock shares count as "goods" or "services" within the meaning of the Lanham Act. In its opening brief, Plaintiff-Appellant LegalForce RAPC Worldwide, P.C. ("Plaintiff") challenged only the district court's dismissal of its claims for trademark infringement under the Lanham Act. As relevant here, the provisions of the Lanham Act invoked by Plaintiff require Plaintiff to show, *inter alia*, that Defendant LegalForce, Inc. ("Defendant") used an infringing mark or made false statements, in a manner likely to cause confusion, "in connection with" "good or services." *See* 15 U.S.C. §§ 1114(1)(a), 1125(a)(1)(A). At oral argument, Plaintiff confirmed that Defendant's "equity" is the only "good" or "service" that it contends underlies its Lanham Act claims. Plaintiff's Lanham Act claims thus rest

dispositively on the premise that, in selling "equity shares" in its company to U.S. investors, Defendant infringed Plaintiff's trademark and created confusion as to the origin or sponsorship of those stock shares.

The Lanham Act does not define the terms "goods" or "services." But in common parlance, "goods" refers to "[w]ares; merchandise." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003) (quoting WEBSTER'S SECOND NEW INTERNATIONAL DICTIONARY 1079 (1949) (hereinafter "WEBSTER'S SECOND")). The term "goods" thus refers broadly to the wares (of whatever kind) that a company offers to customers in the relevant market. Nonetheless, one does not normally think of a company's own stock shares, which are issued in accordance with its particular internal equity structure, as one of the "goods" a company offers in the marketplace. Similarly, as the majority notes, the ordinary meaning of "service" is the "[p]erformance of labor for the benefit of another," WEBSTER'S SECOND, *supra*, at 2288; *see also* Opin. at 7 (citing *In re Canadian Pac. Ltd.*, 754 F.2d 992, 994 (Fed. Cir. 1985)), and one would not typically characterize a company's issuance or sale of its own shares as a "service" that it offers to its customers. Put another way, the manner in which a company is internally structured under corporate law is ordinarily thought to be distinct from the "goods" and "services" that the corporation, thus structured, offers in commerce to its customers. That view also coheres with the Lanham Act's roots in the common law of unfair competition, *see Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418, 428 (2003), and it acknowledges the considerable unlikelihood that Congress intended the Lanham Act to serve as a supplement to the highly reticulated body of statutory law governing the sale of securities, *cf. Dastar*

*Corp.*, 539 U.S. at 33–34 (declining to construe § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in a way that would encroach "areas traditionally occupied by patent or copyright").

For these reasons, I agree that a company's own equity or stock shares do not count as a "good" or "service" it offers to customers in the market for purposes of the Lanham Act. Plaintiff's Lanham Act claims therefore fail as a matter of law, and, on that basis, I would affirm the judgment below. In my view, it is not necessary to reach any additional issues in order to resolve this case, nor is it necessary to import, into the Lanham Act, the particular definition of "goods" that is used in § 2-105 of the Uniform Commercial Code and Black's Law Dictionary.[1]

For the foregoing reasons, I concur in the judgment.

---

[1] I am not entirely sure that I know what may follow from the majority's limitation of the Lanham Act to goods that are "movable" or "tangible," *see* Opin. at 7, and I am also not sure that I understand why securities (which may take the form of physical or electronic certificates) do not qualify as either "movable" or "tangible." (Indeed, § 2-105's express exclusion of "investment securities" from its general definition of "goods" seemingly suggests that they otherwise *would* be covered by that definition.) The majority does not explain what its "movable" or "tangible" test entails, or why securities fail that test. Nor does the majority explain how its undefined test is consistent with, for example, our recognition that purely electronic files, such as computer software, qualify as "goods" for purposes of the Lanham Act. *See Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1159 (9th Cir. 2021).